IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER WASKO,

    Plaintiff,

v.                                  CIV-03-01026 BB/RLP

RANDALL D. MOORE,

    Defendant.

04 FEB -9 AM 9:04

PLAINTIFF'S FINDINGS OF FACT AND CONCLUSIONS
OF LAW

    At the conclusion of the 1-30-04 Hearing,trial-court Judge Black directed the parties to submit their findings of fact and conclusions of law within 10 days to him. Rule 52(b).

    Plainntiff Wasko submits the following:
In lieu of repeating verbatim parts of Plaintiff's Response to Defendant's Motion to Dismiss ("R") and Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("M"),both filed on 10-31-03,presented at trial hearing on 1-30-04, Plaintiff has numbered the lines of each page of each document for ready reference. Defendant's Motion to Dismiss was filed on 10-20-03.

    1. Defendant had prevailed in state court on Plaintiff's auto accident complaint by Plaintiff's default in not appearing for a hearing. The judgment of default was based on fraudulent and moral wrongs under the color of state law violating plaintiff's federal constitutional civil rights of due process of law and equal protection under the law. 42 U.S.C. Sec.1983. Thereby, Plaintiff filed a new and separate federal civil rights Complaint on Due Process of Law and Equal Protection under the Law on 9-5-03,



in this Federal District Court of New Mexico.Also,no trial hearing on the merits of the auto accident complaint had occurred, only the procedural default under the color of state law.Rpage 1, lines 1-17;R-2,1-16;M-1,1-7,17-18;M-2,1-12.

2. Plaintiff's arguments and authorities are respectively presented in M-2,15-16; M-2,15-29;M-4,1-13;M-5,1-21 for arguments and M-3,Authorites No.1-8;M-4,No.1-4 for authorities. Defendant's sole authority irrelevant.

3. Plaintiff does not fail to state a constitutional claim. M-5,22-29;M-6,1-6.  Item 1 of the 10 Supporting Facts of Plaintiff's instant Civil Rights Complaint is detailed in M-1,8-16.The remaining 9 can be similarly detailed when appropriate and need be. On Item 1, copies of the Doctor's and nurse's certificates of disability with instructions to rest four days with the leg elevated were entered into evidence.The date and times on the certificates were the same as the trial date scheduled for hearing.with photos of thr leg with and without the leg splint entered into evidence by the judge.Plaintiff has heart disease under doctor's care.St. Vincent Hospital checked for a blood clot in the leg and in the lungs. Defendant's Attorney Chris mentioned "unpersuasive" and the Trial Court Judge Sanchez abused his judicial discretion by not accepting Plaintiff's physical disability as a good excuse for defaulting his hearing.Plaintiff was under Dr. Harrold's care from 7 a.m. to 11;10 A.M.:Court was for 9 A.M..Plaintiff repeadly alerted  Judge's Office of non-attendance from the hospital through his home-care witness Hull during this time.

The Honorable Judge Black continued to show his bias and pre-

judice sice all his questions were addressed to me in Court which Ihad to defend and not one to Attorney Chris Romero to defend. Particularly, the Judge did not ask Attorney Romero on what grounds he had to state "unpersuasive". The Honorable Judge Black expressed his prejudice against a pro se litigant by ascribing "hobby" as motive to Plaintiff Wasko. "hobby" is baseless. Wasko requested counsel of court but was denied even though indigent. Wasko filed malpractice suits against his two attorneys and prevailed. Wasko had to defend against Attorny Romero on character assasination. Let it be known that Wasko had 16 years of federal law interpretation, as had been presented to Court, five in enforcement and eleven at the National Headquarters in the Office of Compliance Programming, from where he wrote program directivesfor national consumption. Wasko has the civil right,too,as a pro se, to use the judicial system to reveil the truth and gain justice. Broadly speaking, human rights,democracy,and peace are a single entity. When one disintegrates,they all disintegrate.

    WHEREFOR,Plaintiff prays this Court to deny Defendant's Motion to Dismiss.

Enclosures (2)

Respectfully submitted,
*Peter Wasko*
Peter Wasko, pro se
1307 Declovina Street
Santa Fe, N.M. 87505; 505/471-34 16

### CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing pleading was mailed,postage prepaid, to Chris Romero,Esq.,P.O. Box 5333,Santa Fe, N.M. 87502-5333,this 2nd day of February,2004.A copy was left with the Clerk for The Honorable Judge Black,this date and a copy faxed directly by 505-348-2265.

                                      *Peter Wasko*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER WASKO,

    Plaintiff,

v.

    CIV 03-1026 BB/RLP

RANDALL D. MOORE,

    Defendant.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS

    In opposition to Defendant's Motion to Dismiss, Plaintiff submits his memeorandum of law and states:

    1. Plaintiff submitted his set of supporting facts in his Civil Rights Complaint Section C. Cause of Action 1 A(2) Supporting Facts 1-10.

    2. Plaintiff's Complaint is not an "improper collateral attack" of the action of the state court in <u>Peter Wasko v. Randall D. Moore</u>. Plaintiff's Complaint is a new, different case on a Civil Rights Complaint pursuant to 42 U.S.C. Section 1983 of the UNITED States Consitution Amendment XIV Section 1 of Feeral Civil Rights of Due Process of Law and Equal Protection under the Law, with jurisdiction invoked pursuant to 28 U.S.C. Section 1343(3). 42 U.S.C Section 1983. Section 1343(3) states:"To redress the deprivation under color of any state law,statute,ordinance,regulation, custom or usage,of any right,privilege or immunity secured by the Constitution of the United States or to any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

-1-

1. The subject matter facts for primary jurisdiction are those identified in Item 1 hereinabove.; for pendent jurisdiction, they are in Plaintiff's Civil Rights Complaint B. NATURE OF THE COMPLAINT. 1), with relief as in E. REQUEST FOR RELIEF 1), amounting to $12,054.68, plus what the jury may deem just and equitable and fair.

3. Amendment of the Civil Rights Complaint is not intended, and dismissal with prejudice is certainly inappropriate for Defendant.

4. Further grounds in opposition to Defendant's Motion to Dismiss are set forth in Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss.

WHEREFORE, Plaintif Peter Wasko, respectfully requests that this Court dismiss Defendant's action with prejudice and for Plaintiff's relief as presented in Item 2 hereinabove.

Respectfully submitted,

*Peter Wasko*

Peter Wasko, Pro SE
1307 Declovina Street
Santa fe, N.M. 87505
505/471-3416

## CERTIFICATE OF SERVICE

Ihereby certify that a true and corredt copy of the foregoing pleading was mailed, postage prepaid, on the 31st day of October, 2003, to Chris Romero Esq. P.O. Box 5333, Santa Fe, N.M. 87502-5333.

*Peter Wasko*

- 2 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER WASKO,

    Plaintiff,

v.

RANDALL D. MOORE,

    Defendant.

FILED
CIV 03-1026 BB/RLP

03 OCT 31 AM 10: 23

CLERK-SANTA FE

PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS

I. INTRODUCTION

1. Plaintiff's Civil Rights Complaint on Defendant's vio-
2. lations of the Federal Law of Due Process of Law and Equal
3. Protection under the Law is a new and different Complaint
4. from that which was entered against Plaintiff Wasko by The
5. Honorable Daniel Sanchez, under the clor of state law, in the
6. First Judicial District Court, County of Santa Fe, State of
7. New Mexico.
8.     As stated in Defendant's second paragraph, the prime vi-
9. olation, under the color of state law, was Judge Sanchez's
10. dismissal of the state court action for Wasko's failure to
11. appear for jury selection, in face of the admissable eviden-
12. ce testimony of St.Vincent Hospital's Dr.Harrold's written
13. excuse that Wasko was under his care, physically inconpa-
14. citated at the time of the hearing. This Supporting Fact is
15. No. 1 Violation listed in the Civil Rights Complaint with
16. abstracted authorities listed hereinbelow.
17.     II. PLAINTIFF'S COMPLAINT IS AN IMPROPER COLLATERAL ATTACK
18. ON THE STATE COURT

- 1 -

1. Plaintiff does not seek review of the state court's judgment but the violations of the federal law of Due Process of Law and Equal Protection of the Law under the color of state law. This Court does have jurisdiction to consider Plaintiff's claims as invoked by Section 1343(3) of 28 U.S.C., 42 U.S.C. Section 1983. Section 1343(3) states: "To redress the deprivatio, under the color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Consitution of the United States or to any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of united States."

The basic facts of Wasko's arguments and authorities are, as follows, with authorities:

1. In distinguishing state law wrongs and federal constitutional violations, Section 1983 authorizes the courts to redress violations of "rights, privileges, or immunities" secured by the Constitution and federal laws that occur under color of state law. Congress believed that because dispositions of federal consitutional rights are more serious than violations of state-created rights, they deserve an independent federal review by even when the same official conduct violates both state and federal law. Monroe v. Pape 365 U.S. 167,196(1961)(Harlon J., concurring). Section 1983 Litigation, Claims and Defenses. Vol. 1A. The purpose of Section 1983 is to provide a remedy to parties deprived of consitutional rights by a state official abuse of his position while acting under color of state law. Haines v. Fisher, C.A. 10(WyO.) 1986, 82 F. 3d 1503.

—— Fourteenth amendment generally

1. The constitutional privileges and immunities protected by this section include those secured by due process and equal protection clauses of U.S.C.A.Const. Amend. 14 as well as by privileges and immunities clause of that amendment. Hague v. Committee for Industrial Organization, N.J.1939, 59 S.Ct. 954, 307 U.S. 496, 83 L.Ed. 1423. See, also, Powell v. Workmen's Compensation Bd. of State of N.Y., C.A.2 (N.Y.) 1964, 327 F.2d 131; Ghadiali v. Delaware State Medical Soc., D.C.Del.1939, 28 F.Supp. 841.

2. In combination with due process clause of Fourteenth Amendment, § 1983 allows plaintiffs to assert three kinds of federal claims: claims for deprivation by state officials of specific protections defined in bill of rights, claims under substantive component of due process clause relating to arbitrary wrongful government action, and claims under procedural component of due process clause relating to deprivation [...] without [...] Hodge v. Carroll County Dept. of Social Services, D. Md 1992 812 F.Supp. 593

3. To state claim for relief under this section, plaintiff need only allege that defendant deprived her under color of state law of right secured by Constitution and laws of the United States, and claim that plaintiff was deprived of her liberty interest under due process clause of U.S.C.A. Const.Amend. 14 was sufficient as source for court's jurisdiction under this section. Flowers v. Webb, D.C.N.Y.1983, 575 F.Supp. 1450.

4. This section providing civil action for deprivation of rights embraces deprivation of both due process of law and equal protection of laws, it contemplates such deprivation through unconstitutional application of law by conspiracy or otherwise and it permits damages, including punitive damages: Mansell v. Saunders, C.A.5 (Fla.) 1967, 372 F.2d 573.

5. To state cause of action under this section requires allegation of facts which constitute deprivation under color of state authority a right guaranteed by U.S.C.A.Const. Amend. 14. Schorle v. City of Greenhills, D.C.Ohio 1981, 524 F.Supp. 821.

1090. —— Procedural due process

6. A deprivation of procedural due process is an independent constitutional tort, actionable under this section governing civil action for deprivation of rights with or without proof of actual injury. Burt v. Abel, C.A.4 (S.C.) 1978, 585 F.2d 613, on remand 466 F.Supp. 1234.

1091. —— Substantive due process

7. A plaintiff states a claim for substantive due process violation by alleging that state has violated an independent substantive right, and it is clear that right is violated no matter what process precedes, accompanies, or follows the unconstitutional action. Casines v. Murchek, C.A.11 (Fla.) 1985, 766 F.2d 1494, rehearing denied 773 F.2d 1239.

1093. —— Equal protection generally

Redress for denial of equal protection is available under this section. French v. Heyne, C.A.7 (Ind.) 1976, 547 F.2d 994.

8. It is proper for person adversely affected to bring action under this section on grounds that he has been denied his rights under equal protection clause of U.S.C.A.Const. Amend. 14. Shock v. Tester, C.A.8 (Ark.) 1969, 405 F.2d 852, certiorari denied 89 S.Ct. 1641, 394 U.S. 1020, 23 L.Ed.2d 45, rehearing denied 89 S.Ct. 2004, 395 U.S. 941, 23 L.Ed.2d 460.

— 7 —

Additional case authorities are the following from the Tenth Circuit;

C.A.10(Colo.)1986 Rights of substantive due process are founded not upon state provisions but upon notions of fundamental personal interests derived from Federal Constitution.U.S.C.A. Const.Amends.5,14. Mangels v. Pena, 789 F.2d 836.

Colo App.1983. Fundamental fairness is cornerstone of due process.U.S.C.A. Const.Amends. 5,14.-Soon yee Scott v. City of Englewood,672 P. 2d 225.

From Federal Jurisdiction,3rd Edition, by Erwin Chemerinsky:
Page 69: In general, a person who claims as a violation of an individual liberty,such as ...due process of law,will be accorded standing.

Page 70: Violations of rights created by statute also are sufficient for standing purposes

Page 71: "...are essentially procedural in creating a right for any person to sue."

Page 72: Injuries to common law,constitutional and statutory rights are sufficient for standing.

2. The state law claim is the pendent or,as is now called supplementary claim; a claim that, if asserted alone, would not provide the distric court with jurisdiction,but over which there is pendent(now"supplemental") jrisdiction because it arises from the same basic facts(i.e..   Complaint Section B. Nature of the Case(1) factual background of case).28 U.S.C. Section 1367. See Note 218. Section 1983 Litigation,Section. 1.11-Pendent Claim Supplemental Jurisdiction ,Note 218,Page 42.

The Federal Section 1983 claim is the jurisdictional conferring claim, giving subject matter jurisdiction to the district court under 28 U.S.C. Sec. 1343(a)(3). See 1.9 See.e.g. Wal-Juice Bar,Inc. v. Elliott, 899 F.2d 1502,1504(6th Cir.1990)

3. When a federal court has subject matter jurisdiction over a federal claim asserted under Section 1983,it may ex-

-4-

ercise pendent claim jurisdiction over a state claim that shares with the federal claim " a common nucleous of operative fact". United Mine Workers v. Gibbs,383 U.S. 715,725 (1986).

4. Satisfaction of the Gibb's "common nucleous" test gives the district court Article III power to hear the pendent claim. Because state law may not restrict the scope of federal court jurisdiction, it may not limit the scope of pendent jurisdiction. Thompkins v. Stuttgart Sch. Dist.,787 F. 2d 439(8 th Cir. 1986).

5."Federal court claimants often join their Section 1983 with claims under state tort or contract law arising out of the same facts. Wilson v. Garcia,471 U.S. 261,285(1985).For example,in police brtality cases,Section 1983 claimants typically couple their constitutional claims with common-law assault and battery claims;public employment termination cases, employees often combine procedural due process claims with breach of contract claims. Thedistrictcourt may assert jurisdiction over the the state under the doctrine of pendent claim jurisdiction. SECTION 1093 JURISDICTION,Section 1.11 - Pendent Claim Supplemental Jurisdiction,p.42.

III. PLAINTIFF FAILS TO STATE A CONSTITUTIONAL CLAIM

Plaintiff certainly does state a consitutional claim in the CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C.SEC. 1983. C.CAUSE OF ACTION. 1) A(1) as "my constitutional rights" of "Due Process of law and equal protection under the law"pursuan to the "U.S. Consitution Amendment XIV Section 1". Plaintif certainly does state a claim upon relief which may be granted and does raise a constitutional

-5-

claim in which Plaintiff asserted Defendant acted under the color of state law to deprive Plaintiff of a constitutiona right. See Item II, hereinabove.

Plaintiff certainly did assert state action many times even to begin with by the Supporting Facts(ten such) in the Complaint. ThIS Court should certainly not dismiss "Plaintiff's Complaint with prejudice".

IV. CONCLUSION

All Defendant's statements therein Plaintiff has proven, hereinabove, as wrong. Therefore, Defendant's Motion to Dismiss should be denied.

Respectfully submitted,

*[signature]*
Peter Wasko, Pro SE
1307 Declovina Street
Santa Fe, N.M. 87505
505/471-3416

CERTIFICATE OF SERVICE

I hereby cerify that a true and correct copy of the foregoing pleading was mailed, postage prepaid, to Chris Romero, P.O. Box 5333, Santa Fe, N.M 87502-5333, this <u>31st</u> day of October, 2003.

*[signature]*

-6-